In re Hurin.

(Decided April 4, 1938.)

*Mr. Ralph Emery,* for petitioner.
*Mr. Harold T. Hanley,* for respondent.

Carpenter, J.    The petitioner, Silas E. Hurin, having been committed to jail as a contumacious witness by a notary public before whom the petitioner was subpoenaed as a witness in a deposition, asks a writ of habeas corpus from this court to require his release by the sheriff, James M. O'Reilly, the respondent herein.

The matter is submitted upon an agreed statement of facts from which it appears that the petitioner is an attorney at law. In 1934, as attorney for Laura Belle Woodward, he prepared a will for her. September 11, 1937, he prepared another will for her, which, after her death, was admitted to probate as her last will and testament. An action to contest that will was brought and the deposition in question is sought by the contestants. By a subpoena *duces tecum,* the notary ordered the petitioner to produce the former will. The petitioner admitted he had it, but refused to produce it, and the notary committed him to jail for contempt.

He offers two reasons why he cannot be required to

produce the will before the notary: One, that it is not evidence relevant to the issues raised in the pending action to contest the subsequent will; and, two, that by virtue of Section 11494, General Code, that instrument in his hands is a privileged communication to him from its maker and he has no right to disclose it at the instance of the contestants.

The first objection is not well taken. *Varner* v. *Varner*, 16 C. C., 386, 9 C. D., 273, affirmed 62 Ohio St., 645, 58 N. E., 1102; 41 Ohio Jurisprudence, 502; 82 A. L. R., 966.

On the second ground, the petitioner's stand is more secure. It is properly conceded by counsel for respondent that under the Ohio statute, the petitioner cannot be required to divulge any communications made to him by the testatrix. By producing the instrument in question he would, in substance, reveal at least some of the communications made to him by Mrs. Woodward. The principle under consideration here was before the Supreme Court in *Collins* v. *Collins*, 110 Ohio St., 105, 129 *et seq.*, 143 N. E., 561, 38 A. L. R., 230, wherein the attorney had prepared a codicil to the will in contest and the testator had later destroyed the original copy of the codicil. The attorney was incompetent to testify as to the identity of a carbon copy of the codicil. The court said, on page 132:

"If by the statute and the decisions of this court the attorney could not testify to any communication made to his client, or any advice given in the premises, it would seem to follow that he would likewise be incapacitated from testifying to the direct results of such communication between himself and his client, and it cannot be gainsaid that the contents of the codicil were the result of the communication between the testator and the attorney, because the attorney must have obtained the information from the testator,

and it must have been what the testator wanted put in the codicil by his attorney; so that, reduced to its last analysis, the codicil and copy thereof are the direct result of the communication between client and counsel, only the communication in another form, which the statutes say is privileged. By identifying and testifying to the copy of the codicil, the attorney is in effect testifying to the communications which he received from his client.''

In that case the court, while it denied the competency of the witness, said the evidence sought would be relevant. *Supra,* 135. If the testimony is not within the ''strict letter'' of Section 11494, General Code, or if any further reason is needed to sustain the privilege claimed by him, the last part of Section 11495, General Code, furnished it, where it says:

''When a case is plainly within the reason and spirit of the next three preceding sections, though not within the strict letter, their principles shall be applied.''

As said in the *Collins case,* if the instrument in question was not a communication from his client, it was ''the result of the communication'' and the ''reason and spirit'' of the situation requires him to protect that communication by not disclosing it by producing the instrument for the benefit of those who seek to destroy the effect of his client's later testamentary efforts.

Finding the petitioner is unlawfully held by the respondent sheriff, he is ordered discharged forthwith.

*Writ allowed.*

LLOYD and OVERMYER, JJ., concur.